Carris Fin. Corp. v. Cavacas, No. 260-3-10 Rdcv (Cohen, J., Nov. 5, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Rutland County** | **Docket No. 260-3-10 Rdcv** |

**Carris Financial Corp.**
      **Plaintiff**

**v.**

**Jennifer Cavacas, Administrator of the Estate of Sean Grant,**
**Wendy Pelkey-Grant, Eric Hall, and Alyssia Pelkey**
      **Defendants**

### DECISION RE: INTERPLEADER

Defendant Wendy Pelkey-Grant pleaded guilty to voluntary manslaughter in connection with the untimely death of Sean Grant. The question now presented in this interpleader action is whether she has thereby forfeited her interest in certain retirement benefits and employee stock options that were owned by Mr. Grant.

The relevant facts are straightforward. Mr. Grant's employer maintained a retirement plan and an employee stock option plan. On the retirement plan, Mr. Grant named Ms. Pelkey-Grant as the primary beneficiary and her two children, Eric Hall and Alyssia Pelkey, as the alternate beneficiaries. On the stock option plan, Mr. Grant named Ms. Pelkey-Grant as the sole beneficiary. After the untimely death, the employer filed this interpleader action and requested a declaration from the court as to whom the benefits should be paid.

Vermont courts have long recognized the equitable principle that a killer should not profit from her own intentional wrongdoing. *Preston v. Chabot*, 138 Vt. 170, 173 (1980); *In re Estate of Mahoney*, 126 Vt. 31, 34–35 (1966). As recognized by the common law, this is a broad rule that prevents killers from unjustly enriching themselves through the intentional killing of another. Restatement (Third) of Property: Wills and Donative Transfers § 8.4. At the time of the killing in this case, the principle was embodied not only in the case law, but also in the statutes of devise and descent, which provided for the outright forfeiture of a person's share of the decedent's estate if the person stood convicted for the intentional and unlawful killing of the decedent. See 14 V.S.A. § 551(6) (2008) (making it possible for the decedent's property to be awarded directly to the other heirs of the estate, rather than through the equitable imposition of a construction trust, as had been required by the common law). Since then, the probate statutes have been amended to reaffirm the underlying equitable precept: "[t]he acquisition of any property, interest, power, or benefit by a person as the result of the person's commission of an intentional and unlawful killing shall be treated in accordance with the principle that a killer cannot profit from his or her wrong." 14 V.S.A. § 1971 (2009). It should be noted with clarity that the 2009 statutory amendments merely

ratified and codified what has been the law of this state for more than forty years, since at least *In re Estate of Mahoney*.

In this case, Ms. Pelkey-Grant pleaded guilty to voluntary manslaughter: unlawfully killing Mr. Grant by shooting him in the torso with wanton disregard of the likelihood that her behavior would naturally cause death or great bodily harm. By pleading guilty to this charge, Ms. Pelkey-Grant has admitted that she intentionally and unlawfully killed Mr. Grant. See *State v. Schreiner*, 2007 VT 138, ¶ 32, 183 Vt. 42 (explaining that voluntary manslaughter is "an intentional killing committed under extenuating circumstances that would mitigate, but not justify, the killing"); *State v. Blish*, 172 Vt. 265, 272 (2001) (explaining that "[t]he intent component of voluntary manslaughter is the same as that required for second degree murder—actual intent to kill, intent to do serious bodily injury, or extreme indifference to human life"); *State v. Olsen*, 165 Vt. 208, 212 (1996) (explaining that intent to kill may be proven by evidence that the defendant acted with wanton disregard for life). The Vermont Supreme Court has made clear that the equitable principle discussed above applies to persons convicted for voluntary manslaughter, since it is an intentional and unlawful killing. *In re Estate of Mahoney*, 126 Vt. at 35.

For the foregoing reasons, the court must conclude that Ms. Pelkey-Grant has forfeited her right to benefit from the retirement plan and the employee stock options. As a result, the retirement benefits shall be paid to the alternate beneficiaries: Eric Hall and Alyssia Pelkey. The stock options shall be paid to Jennifer Cavacas as the Administrator of the Estate of Sean Grant.

In light of the administrative issues regarding distribution from the qualified plans, the court requests plaintiff Carris Financial Corp. to submit a proposed form of judgment within ten days.

## ORDER

(1) The retirement plan benefits shall be paid 50% to Eric Hall, and 50% to Alyssia Pelkey. The employee stock option benefits shall be paid 100% to Jennifer Cavacas as the Administrator of the Estate of Sean Grant.

(2) Plaintiff Carris Financial Group shall submit a proposed form of judgment within ten days.

Dated at Rutland, Vermont this _____ day of _____, 2010.

_____
Hon. William D. Cohen
Superior Court Judge

2